UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

———

JAMES KULFAN,

        Petitioner,        Case No. 1:15-cv-954

v.        Honorable Paul L. Maloney

SHIRLEE HARRY,

        Respondent.

_____/

## REPORT AND RECOMMENDATION

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Petitioner is serving two concurrent terms of five to ten years and eight to twenty years, imposed by the Kent County Circuit Court on November 29, 2012, after Petitioner pled guilty to a count of embezzling an amount between $1,000 and $20,000, MICH. COMP. LAWS § 750.174(5)(c), and to a separate count of embezzlement over $100,000, MICH. COMP. LAWS § 750.174(7). Petitioner is presently serving that sentence with the Michigan Department of Corrections at the G. Robert Cotton Correctional Facility (JCF) in Jackson County. In his petition, Petitioner raises a single ground for habeas relief, as follows:

    I.    Petitioner's rights to due process were violated when the State Court imposed a sentence that Exceeded the State guideline calculations since there were not substantial and compelling reasons to do so.

(Pet. 6, ECF No. 1, PageID.7). Respondent has filed an answer to the petition (ECF No. 7), stating that Petitioner's ground for relief should be denied because it is an

unexhausted and noncognizable state law claim. Upon review and applying the AEDPA standards, I find that Petitioner's unexhausted ground for relief is noncognizable. Accordingly, I recommend that the petition be denied.

## Procedural History

### A.   Trial Court Proceedings

Petitioner was accused of embezzling approximately $19,000 in his role as a treasurer for DYMO Ministries. In a separate action, he was accused of embezzling over $100,000 from St. John Vianney Catholic Church, where he had been employed. On July 27, 2012, a stipulation and order were entered consolidating the two cases. (ECF No. 8-1, PageID.77). On October 1, 2012, Petitioner pled guilty to the two embezzlement charges before the Kent County Circuit Court. Petitioner testified he had reviewed an Advice of Rights form, that he understood those rights, and was willing to waive those rights by entering a plea of guilty. (Plea Tr. 4, ECF No. 8-2, PageID.84). The trial court advised Petitioner of the maximum sentence for each charge – ten years for the embezzlement from DYMO Ministries and twenty years for the embezzlement from St. John Vianney church – and inquired of Petitioner whether anyone had promised anything to Petitioner or threatened him in connection with the plea, to which Petitioner responded in the negative. (Plea Tr. 4-6, PageID.84-86).

For the factual basis of his plea, Petitioner admitted that he embezzled over $100,000 from St. John Vianney church between December 1, 2009, and December 21, 2012, and that he had no right or authority to take that money. (Plea Tr. 7, PageID.87). Petitioner also admitted that between June 25, 2005, and December 16,

2011, while serving as a board member at DYMO Ministries, a non-profit or charitable organization, he embezzled approximately $19,000 in cash that he had no right or authority to take. (Plea Tr. 8, PageID.88). The trial court accepted Petitioner's guilty pleas and scheduled a sentencing hearing.

At the sentencing hearing, on November 29, 2012, the court informed Petitioner that his minimum guideline sentence for embezzling from St. John Vianney church was 36 to 60 months.[1] (Sentencing Tr. 5, ECF No. 8-4, PageID.96). The court then heard statements from two individuals connected with St. John Vianney church. The first, Ms. Susan Rysdyk, told the court that she was a long-time parishioner at the church. She was also a school parent and volunteer, and she had interacted with Petitioner in connection with her work at the church and parish school. (*Id.*). She stated that she attended meetings in which she believed the information Petitioner presented was not accurate. At those meetings, Petitioner would state that he was the only one who needed to see detailed financial information, and would dodge questions or give, as it turned out, false statements. (Sentencing Tr. 6, PageID.97). She stated that, at the time, she thought Petitioner was just bad at accounting, but now she knew him to be a very good liar and thief. (*Id.*).

The trial court also heard from Father Michael James Alber, the parish priest. He told the court that he had been appointed pastor of the church on July 1, 2008, and that during his first three years, he worked with the finance council to eliminate

---

[1] The record does not contain a guideline sentence for the embezzlement from DYMO ministries.

$300,000 of spending, but was still unable to balance the books. (Sentencing Tr. 7, PageID.98). Continued cuts were made until December 2011, when Petitioner admitted to stealing parish funds. (Sentencing Tr. 8, PageID.99). The priest noted that Petitioner had come forward only after he was caught, due to Petitioner's divorce proceedings, not because he was sorry. Furthermore, Petitioner did not admit to the priest the full amount that he had taken from the church. (*Id.*). Father Alber stated that, as a result of the lack of funds, the church had to eliminate staff. The school was left without a principal for six months, and there was no director of child care for four months. The church was also unable to assist families who needed economic assistance. (*Id.*). Moreover, the church had to reduce or eliminate contributions to local and international charities, as well as to health clinics. (Sentencing Tr. 8-9, PageID.99-100). Father Alber noted that while he could sympathize with someone taking funds to put food on a table and a roof over his family's head, here Petitioner used the stolen funds "to live a sordid life in strip clubs, to gamble and to rent and furnish his own apartment." Petitioner had stolen the job of the priesthood from him, and he experienced anxiety attacks and spent time in the emergency room due to the stress from the theft. (Sentencing Tr. 9, PageID.100). Father Alber stated that the church had lost at least $135,000 – the church stopped looking back into the records after a year and half because they did not have the funds to conduct a further audit. (Sentencing Tr. 9-10, PageID.100-101).

The trial court then imposed sentence, as follows:

Well, sir, I have received a number of letters from family members, as well as the Victim Impact Statement. I have read and reviewed everything that has been sent to me. I have reviewed the Presentence Report in great detail. I have thought considerable hours, quite frankly, in thinking about you and this case and what's happened here.

You ended up pleading guilty to two felonies. One embezzlement over $100,000, which carries a maximum penalty of 20 years. And the other, embezzlement over $1,000 and under $20,000, which carries a maximum penalty of ten years.

You're 55 years old. You have no prior record whatsoever. But this is – these are extremely serious crimes. The embezzlement over $100,000, in that case, you were the business manager at St. John Vianney. As the Father just said, they stopped looking after they came up to $135,000 of monies that you had taken. I'm assuming at this point in time, that – that that's what I'm dealing with. I'm not going to make the next assumption and say it was farther, because we have no proofs of that. But quite frankly, that's outrageous. And then at the same time, you were working with another ministry, and you ended up taking a little over $19,0000 from them.

Your Sentencing Guidelines, as we have discussed, are now between 36 months and 60 months, or somewhere between three years and five years. Sentencing Guidelines are calculated on every case for a judge to impose a minimum sentence. And the judge must impose a minimum sentence, unless there are substantial and compelling reasons that are not taken into effect in the Sentencing Guidelines. And quite frankly, in this case, I believe there are substantial and compelling reasons to go over the Sentencing Guidelines.

First of all, the Sentencing Guidelines have a maximum of $20,000 under – under Offense Variable 16. You're at at least $145,000, which is significantly above what the Sentencing Guidelines take into effect.

I also find that – that there is a substantial effect here that has radiated out into the community, that the Guidelines don't take into effect. And I think the Father spoke of that here. Because they didn't have the money to help out people that were in need, charities that were in need, families that were in need. And there were people that were doing without that the – the Church could have used those monies. And on the

other hand, what were you doing with these monies? Going to strip clubs, spending thousands of dollars gambling. That, in itself, is outrageous. I just – I don't think that the Sentencing Guidelines properly take either of those things into effect.

I believe the sentence that I'm going to impose is proportionate, pursuant to People v. Melbourne. I'm also aware of People v. Smith and I'm also aware of People v. Tanner, but I – it is the sentence of this Court, sir, that with regards to the embezzlement over $100,000, you be committed to the Michigan Department of Corrections to serve a minimum of eight years, to a maximum of 20 years.

With regards to the embezzlement over $1,000 but under $20,000, you will serve that concurrently, five years to a minimum of – or to – five years minimum to a maximum of 10 years.

I will give you credit on both cases for 230 days. There's restitution of $135,000 on one case; $19,636.34 on the other case. $136 in state costs; $260 in Crime Victim's Rights; and $700 in court costs.

Accordingly, this is the final sentence of the Court. You are entitled to file an application for leave to appeal in the Michigan Court of Appeals. If you cannot afford an attorney, the court will appoint you one. You're being given a form which you can use to ask the court to appoint you an attorney. That form must be filled out and returned to the court within 42 days or your request will be denied. Good luck to you sir.

(Sentencing Tr. 13-15, PageID.104-106).

### B.  Direct Appeal

Petitioner filed a delayed application for leave to appeal in the Michigan Court of Appeals. His brief, which was filed by counsel on November 27, 2013, raised the following claim:

THE ABOVE-THE-GUIDELINE SENTENCE WAS NOT JUSTIFIED BY SUBSTANTIAL AND COMPELLING REASONS AND EVEN IF IT WAS JUSTIFIED, THE EXTENT OF THE DEPARTURE CONSTITUTED AN ABUSE OF DISCRETION.

(Def.-Appellant's Br. on Appeal, ECF No. 8-5, PageID.118.) The Michigan Court of

Appeals denied Petitioner's application for leave to appeal for lack of merit in the grounds presented. (*See* 3/21/13 Mich. Ct. App. Order, ECF No. 8-5, PageID.108.)

Petitioner subsequently filed an application for leave to appeal to the Michigan Supreme Court. Petitioner raised the same claim raised before and rejected by the Michigan Court of Appeals. By order entered September 29, 2014, the Michigan Supreme Court denied Petitioner's application for leave to appeal. (*See* Mich. Order, ECF No. 8-6, PageID.145.) Petitioner did not appeal to the United States Supreme Court or seek collateral review. Instead, Petitioner filed this habeas action.

## **Standard of Review**

This action is governed by the Antiterrorism and Effective Death Penalty Act of 1996, PUB. L. 104-132, 110 STAT. 1214 (AEDPA). *See Penry v. Johnson*, 532 U.S. 782, 792 (2001). The AEDPA "prevents federal habeas 'retrials'" and ensures that state court convictions are given effect to the extent possible under the law. *Bell v. Cone*, 535 U.S. 685, 693-94 (2002). The AEDPA has "drastically changed" the nature of habeas review. *Bailey v. Mitchell*, 271 F.3d 652, 655 (6th Cir. 2001). An application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d). This standard is

"intentionally difficult to meet." *Woods v. Donald*, 575 U.S. __, 135 S. Ct. 1372, 1376 (2015) (internal quotation marks omitted).

## Discussion

Petitioner contends that the trial court improperly departed from the minimum sentence range under the Michigan sentencing guidelines and that doing so violated his right to due process. (Pet. 6, PageID.7). Respondent argues that this claim has not been exhausted, as Petitioner never presented his claim regarding his federal rights in the state courts, rather he argued only that the sentencing court abused its discretion and that his above guidelines minimum sentence was not justified by substantial and compelling reasons – a state law claim. (Resp't Br. 15, ECF No. 7, PageID.59). In his briefs before the Michigan appellate courts, Petitioner did not raise the due process claim; rather he claimed that the sentencing court violated MICH. COMP. LAWS § 769.34(3) and *People v. Babcock*, 469 Mich. 247, 264-65, 666 N.W.2d 231(2006), by failing to articulate substantial and compelling reasons for departing from the minimum guideline sentences.

It is plain that the "substantial and compelling" requirement is a "creation of state, not federal law." *Bellamy v. Curtin*, No. 1:06-CV-599, 2007 WL 527988, at *3 (W.D. Mich. Feb. 14, 2007). A federal court may grant habeas relief solely on the basis of federal law and has no power to intervene on the basis of a perceived error of state law. 28 U.S.C. § 2254(a); *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005); *Pulley v. Harris*, 465 U.S. 37, 41 (1984). Thus, Petitioner's claim based on state law is not cognizable in a habeas corpus action. In addition, because Petitioner failed to present his due process

- 8 -

claim before the Michigan appellate courts, the exhaustion requirement is not satisfied. Nevertheless, the Court may address Petitioner's due process claim notwithstanding his failure to exhaust his state court remedies. *See* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.").

As noted above, claims concerning the improper application of sentencing guidelines are state-law claims and typically are not cognizable in habeas corpus proceedings. *See Hutto v. Davis*, 454 U.S. 370, 373-74 (1982) (federal courts normally do not review a sentence for a term of years that falls within the limits prescribed by the state legislature); *Austin v. Jackson*, 213 F.3d 298, 301-02 (6th Cir. 2000) (alleged violation of state law with respect to sentencing is not subject to federal habeas relief). *Cook v. Stegall*, 56 F. Supp. 2d 788, 797 (E.D. Mich. 1999) (the sentencing guidelines establish only rules of state law). There is no constitutional right to individualized sentencing. *Harmelin v. Michigan*, 501 U.S. 957, 995 (1991); *United States v. Thomas*, 49 F.3d 253, 261 (6th Cir. 1995); *see also Lockett v. Ohio*, 438 U.S. 586, 604-05 (1978). Moreover, a criminal defendant has "no federal constitutional right to be sentenced within Michigan's guideline minimum sentence recommendations." *Doyle v. Scutt*, 347 F. Supp. 2d 474, 485 (E.D. Mich. 2004); *accord Austin v. Jackson*, 213 F.3d 298, 300 (6th Cir. 2000); *Lovely v. Jackson*, 337 F. Supp. 2d 969, 977 (E.D. Mich. 2004); *Thomas v. Foltz*, 654 F. Supp. 105, 106-07 (E.D. Mich. 1987).

"Michigan has adopted a sentencing scheme based in part on statutorily defined sentencing ranges and in part on sentencing guidelines. The maximum penalty is set by statute, but the minimum penalty is determined by the sentencing court and must fall within a mandated guidelines range." *Montes v. Trombley*, 599 F.3d 490, 496 (6th Cir. 2010) (citation omitted).[2] At the time Petitioner was sentenced, if the sentencing court departed from the minimum range specified by application of the Michigan sentencing guidelines, it would have to justify the departure by providing substantial and compelling reasons. *Id.* Petitioner claims the sentencing court failed to justify its departure.

Although state law errors generally are not reviewable in a federal habeas proceeding, an alleged violation of state law "could, potentially, 'be sufficiently egregious to amount to a denial of equal protection or of due process of law guaranteed by the Fourteenth Amendment.'" *Bowling v. Parker*, 344 F.3d 487, 521 (6th Cir. 2003) (quoting *Pulley*, 465 U.S. at 50); *see also Doyle*, 347 F. Supp. 2d at 485 (a habeas court "will not set aside, on allegations of unfairness or an abuse of discretion, terms of a sentence that is within state statutory limits unless the sentence is so disproportionate to the crime as to be completely arbitrary and shocking.") (citation omitted). A

---

[2] After the *Montes* court's description of Michigan's sentencing scheme, the Michigan Supreme Court, in *People v. Lockridge*, 870 N.W.2d 502 (Mich. 2015), made the minimum guidelines range advisory and eliminated the requirement that the sentencing court provide a substantial and compelling reason for departing from the minimum sentence range specified by the guidelines. If Petitioner were sentenced today, state law would no longer require the sentencing court to justify its departure from the guidelines minimum range with substantial and compelling reasons.

sentence may violate due process if it is based upon material "misinformation of constitutional magnitude." *Roberts v. United States,* 445 U.S. 552, 556 (1980)); *see also United States v. Tucker,* 404 U.S. 443, 447 (1972); *Townsend v. Burke,* 334 U.S. 736, 741 (1948). To prevail on such a claim, the petitioner must show (1) that the information before the sentencing court was materially false, and (2) that the court relied on the false information in imposing the sentence. *Tucker*, 404 U.S. at 447;*United States v. Polselli*, 747 F.2d 356, 358 (6th Cir. 1984). A sentencing court demonstrates actual reliance on misinformation when the court gives "explicit attention" to it, "found[s]" its sentence "at least in part" on it, or gives "specific consideration" to the information before imposing sentence. *Tucker*, 404 U.S. at 447.

Petitioner's minimum sentence above the guidelines plainly is neither arbitrary nor shocking, as his conviction for embezzling more than $100,000 carried a potential penalty of up to twenty years' imprisonment. Further, although Petitioner claims that he had a right to be sentenced on the basis of accurate information, he identifies only the trial court's recitation of $145,000 of loss, rather than the $135,000 loss to St. John Vianney church. Petitioner has identified, at most, an inadvertent and harmless error. As noted in the above quoted excerpt from the sentencing hearing, the sentencing court explicitly stated that though it suspected the amount of loss was greater than what had been established, it was relying on the loss of $135,000 to the church in departing from the guidelines. For the same reason, Petitioner's argument that the sentencing court improperly attributed all of the church's financial difficulties to Petitioner also fails.

This assertion enjoys no support in the record. Accordingly, Petitioner cannot demonstrate that the sentencing court relied on this information in imposing sentence.

Petitioner also argues that the sentencing court failed to articulate substantial and compelling reasons to justify departing from the guidelines because the guidelines already contemplated the amount of loss and that the court's other reasons for departing from the guidelines were those that were inherent to any embezzlement case. Every victim of embezzlement, Petitioner argues, loses resources that would otherwise be legitimately used. And every perpetrator, Petitioner further argues, uses those ill-gotten resources in ways that cannot be justified. (Pet. Br. 14-16, ECF No. 2, PageID.29-31.) The Michigan Court of Appeals squarely determined, however, that Petitioner's claims were without merit. It is not the province of a federal habeas court to re-examine state-law determinations on state-law questions. *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005); *Estelle v. McGuire*, 502 U.S. 62, 68 (1991). The decision of the state courts on a state-law issue is binding on a federal court. *See Wainwright v. Goode*, 464 U.S. 78, 84 (1983); *Stumpf v. Robinson*, 722 F.3d 739, 746 n.6 (6th Cir. 2013) ("[A] state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus.") (quoting *Bradshaw*, 546 U.S. at 76). Petitioner's sentencing claim therefore is not cognizable on habeas review. 28 U.S.C. § 2254(d).

**Recommended Disposition**

For the foregoing reasons, I respectfully recommend that the habeas corpus petition be denied.  I further recommend that a certificate of appealability be denied.  See *Slack v. McDaniel*, 529 U.S. 473 (2000).


Dated:   March 28, 2017               /s/  Phillip J. Green
                                      United States Magistrate Judge


**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b).  Failure to file timely and specific objections may constitute a waiver of any further right of appeal.  See *Thomas v. Arn*, 474 U.S. 140 (1985); *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 458 (6th Cir. 2012); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir. 2008).  General objections do not suffice.  See *McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006).